IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOSHUA ALAN BISHOP, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-CV-00036-CDL-CHW |
| | : | |
| v. | : | |
| | : | |
| Warden JAMES PANE, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| | : | |
| Defendant. | : | |

**ORDER**

*Pro se* Plaintiff Joshua Alan Bishop, a prisoner now incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983 in the Northern District of Georgia. ECF No. 1. Plaintiff also sought leave to proceed *in forma pauperis*. ECF Nos. 1 and 3. On November 4, 2022, Plaintiff's motion to proceed *in forma pauperis* was granted and Plaintiff was ordered to pay the statutorily required initial partial filing fee. ECF No. 7. Plaintiff paid the fee. Plaintiff also filed a recast complaint. ECF No. 5. On March 8, 2023, a Magistrate Judge in the Northern District of Georgia conducted a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and recommended that Plaintiff's claims as to Defendants Georgia Department of Corrections, Timothy Ward, and Judge Debra Turner be dismissed and that the claims as to the remaining Defendant Warden James Pane be transferred to this Court. ECF No. 6. On March 30, 2023, a District Judge adopted the recommendation of the Magistrate Judge. ECF No. 10. The claims that remained as to Defendant Pane were

then transferred from the Northern District of Georgia to this Court. ECF No. 11. Also transferred to this Court was Plaintiff's pending request for the appointment of an attorney. ECF No. 9.

## MOTION TO APPOINT AN ATTORNEY

Plaintiff has requested an appointed attorney. ECF No. 9. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the basic factual allegations underlying his claims and that the applicable legal doctrines are readily apparent. As such, Plaintiff's Motion for Appointment of Counsel (ECF No. 11) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

2

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

In accordance with the Prison Litigation Reform Act, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Plaintiff's claims arise from his incarceration at Burress CTC from June 3, 2019, to August 18, 2020. ECF No. 5 at 6. Plaintiff raises a claim of "false imprisonment" complaining that he was confined at Burress CTC for two months longer than mandated by his state court sentence. *Id*. at 5-6 and 15. Plaintiff seeks damages. *Id*. at 7.

Plaintiff's complaint in its present form is not sufficient to establish a claim under 42 U.S.C § 1983. First, it is unclear why Plaintiff has named Warden Pane as a Defendant in this action. Plaintiff does not make any allegations regarding Defendant Pane in his complaint other than simply naming him as a Defendant. *See* ECF No. 5. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating

there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely upon Defendant Pane's supervisory role as Warden, his claim still fails. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." (internal quotation marks omitted)). Nowhere in Plaintiff's complaint is there any allegation that Defendant was ever made aware by the Plaintiff that his sentence computation was in error nor is there any allegation that would plausibly support an inference that Defendant Pane had any direct or indirect involvement in the sentence computation about which Plaintiff complains. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the

4

record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Finally, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process **before** filing suit in federal court. *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added).; *see also Woodford v. Ngo,* 548 U.S. 81, 95 (2006) (holding that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"). Consequently, the PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The exhaustion requirement cannot be waived even when the grievance process is futile or inadequate. *See id*. at 211; *Porter*, 534 U.S. at 524. The law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal

5

courts must] address before considering the merits of the case". *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The court will therefore "resolve this issue first". *Myles*, 476 F. App'x at 366.

Plaintiff clearly indicates on the face of his complaint that he did not submit a grievance at Burress CTC or any other facility regarding the confinement at Burress CTC that he alleges was in excess of his state court sentence. *See* ECF No. 5. The standard form for § 1983 complaints completed by the Plaintiff specifically asks "[d]oes the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure" to which Plaintiff responds "[d]o not know". *Id.* at 8. More importantly, Plaintiff is asked "[d]id you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint". *Id.* Plaintiff clearly indicates that he did not file a grievance at Burress CTC by answering the question "no". *Id.* Thus, it appears Plaintiff may have failed to exhaust his administrative remedies prior to filing this civil action. Although failure to exhaust is an affirmative defense, dismissal of a complaint is warranted under the screening process set out in 28 U.S.C. § 1915A when it appears clear "on the face of the complaint" that the plaintiff failed to exhaust all available administrative remedies prior to filing suit in federal court and thereby cannot state a claim for relief. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (per curiam)

(Georgia inmate failed to exhaust administrative remedies where he failed to appeal grievable claims after presenting to the appropriate party). Accordingly, Plaintiff must more fully address his efforts to exhaust his administrative remedies regarding his incarceration at Burress CTC.

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims.

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint should he file one. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations

in the body of his complaint against a named Defendant, that Defendant will be dismissed.

It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions?

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer an injury? *What* did this defendant do (or not do) in response to this knowledge?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff is not to include any exhibits or attachments. ***The complaint must be no longer than ten (10) pages.***

The **CLERK** is **DIRECTED** to mail Plaintiff a standard § 1983 complaint form along with a copy of this Order (all showing the civil action number). Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's

standard § 1983 form as instructed.  While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until order of the Court.

    **SO ORDERED and DIRECTED**, this 20th day of June, 2023.

                        s/ Charles H. Weigle
                        Charles H. Weigle
                        United States Magistrate Judge