**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **JOSHUA ALAN BISHOP,** | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-CV-00036-CDL-CHW |
| | : | |
| v. | : | |
| | : | |
| **Warden JAMES PANE,** | : | |
| | : | |
| | : | |
| Defendant. | : | |

## ORDER

*Pro se* Plaintiff Joshua Alan Bishop, a prisoner confined in Washington State Prison in Davisboro, Georgia, filed a 42 U.S.C. § 1983 complaint in the Northern District of Georgia. ECF No. 1. Plaintiff also sought leave to proceed *in forma pauperis*. ECF Nos. 1 and 3. On November 4, 2022, Plaintiff's motion to proceed *in forma pauperis* was granted and Plaintiff was ordered to pay the statutorily required initial partial filing fee. ECF No. 7. Plaintiff paid the fee. Plaintiff also filed a recast complaint. ECF No. 5. On March 8, 2023, United States Magistrate Judge Linda Walker of the Northern District of Georgia conducted a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. ECF No. 6. It was recommended that Plaintiff's claims as to Defendants Georgia Department of Corrections, Timothy Ward, and Judge Debra Turner be dismissed and that the claims as to the remaining Defendant Warden James Pane be transferred to this Court. *Id*. On March 30, 2023, United States District Court Judge Eleanor Ross of the Northern District of Georgia adopted the recommendation of the Magistrate Judge and the claims

that remained as to Defendant Pane were transferred to this Court.  ECF Nos. 10 and 11.

On June 20, 2023, the Magistrate Judge conducted a preliminary review under 28 U.S.C. § 1915A of Plaintiff's complaint and Plaintiff was informed that he had failed to state a claim for which relief may be granted as to the remaining Defendant Pane.  ECF No. 15.  Therefore, Plaintiff was ordered to recast his complaint to remedy the defects with his complaint and provided instructions on how to do so.  *Id*.  Plaintiff was given fourteen (14) days to respond and was informed that failure to recast his complaint would result in dismissal of his action.  *Id*.  Plaintiff failed to comply with the Court's order.

On July 13, 2023, Plaintiff filed an undated written notice that he has been transferred to Washington State Prison in Davisboro, Georgia.  ECF No. 16.  The notice was postmarked July 11, 2023.  *Id*.  The Court's order to recast (ECF No. 15) was immediately sent on July 13, 2023 to Plaintiff at his new address at Washington State Prison.  The Court then allowed an additional three weeks for Plaintiff to comply with the Court's order. Despite the additional time, he still failed to submit his recast complaint.

Therefore, on August 22, 2023, the Court notified Plaintiff that he failed to comply with an order of the Court.  ECF No. 18.  Plaintiff was ordered to show cause why this action should not be dismissed for failure to comply with the Court's order.  *Id*.  The Court unambiguously informed Plaintiff that this action would be dismissed if he failed to file his amended complaint.  *Id*.  Plaintiff was given fourteen (14) days to respond and he has failed to do so.

Due to Plaintiff's failure to follow the Court's orders and failure to prosecute this

2

action, the case is hereby **DISMISSED WITHOUT PREJUDICE**.   Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED,** this 13th day of September, 2023.

S/Clay D. Land

CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT